# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| CHAD and CARRIE GIBSON<br><br>          Plaintiff,<br>v.<br><br>SANTANDER CONSUMER USA, INC.<br><br>          Defendant. | **COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 et seq.

## JURISDICTION

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 47 U.S.C. § 227 for pendent state law claims and the TCPA, which are predicated upon the same facts and circumstances that give rise to the federal causes of action. Injunctive relief is available pursuant to the TCPA.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

4. Plaintiffs request a trial be held at the United States District Court, for the Western District of Missouri, located in Kansas City. Missouri

## PARTIES

5. Plaintiffs Chad and Carrie Gibson (hereinafter "Plaintiffs") are natural persons who reside in the city of Lake Lotawana, County of Jackson, State of Missouri.

6. Defendant Santander Consumer USA, Inc. (hereinafter "Defendant Santander") is a foreign corporation operating in the State of Missouri. Their Registered Agent for service of process is C T Corporation System, 120 South Central Avenue, Clayton, MO 63105.

## 7. FACTUAL ALLEGATIONS

8. Beginning in 2007, Defendant Santander repeatedly and willfully contacted Plaintiffs on their cellular telephones at (816) 260-7216 and (816) 678-9020.

9. Defendant Santander did not have Plaintiffs' prior express consent to contact them on their cellular phones.

### *Telephone Consumer Protection Act*

10. At all times relevant to this complaint, the Plaintiffs were "persons" as defined by the TCPA 47 U.S.C. § 153(32).

11. At all times relevant to this complaint, Defendant Santander has owned, operated, and or controlled "customer premises equipment" as defined by the

TCPA 47 U.S.C. § 153(14) that originated, routed, and/or terminated telecommunications.

12. Defendant Santander at all times relevant to the complaint herein engages in "telecommunications" as defined by the TCPA 47 U.S.C. § 153(43).

13. Defendant Santander at all times relevant to the complaint herein engages in "interstate communications" as defined by the TCPA 47 U.S.C. § 153(22).

14. At all times relevant to this complaint, Defendant Santander has used, controlled, and/or operated "wire communications" as defined by the TCPA 47 U.S.C. § 153(52), that existed as instrumentalities of interstate and intrastate commerce.

15. At all times relevant to this complaint, Defendant Santander has used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(2).

### Illegal Auto-Dialed Collection Calls

16. Within four years immediately preceding the filing of this lawsuit, Defendant Santander telephoned Plaintiffs' cellular phones on numerous occasions.

17. These calls were made using an automatic telephone dialing system and utilizing pre-recorded messages and synthesized voices.

18. Plaintiff's often heard a pre-recorded message from Defendant Santander telling her to please wait until the call was connected to a representative, or there was a long silent pause before the call was disconnected.

### *Cease and Desist Verbal and Written Demand Ignored*

19. Plaintiffs repeatedly demanded that Defendant Santander stop calling their cellular telephone numbers.

20. Despite being told to stop, Defendant Santander has continued to call using an automated dialer and utilizing pre-recorded messages and/or synthesized voices when leaving messages.

21. These calls were willful violations of the TCPA in that the calls continued despite Plaintiffs' clear revocation of any consent Defendant Santander may have had.

22. Defendant Santander's repeated autodialed calls to Plaintiffs' cellular phones, within the last four years prior to filing this complaint, were illegal communications in violation of the TCPA, 47 U.S.C. § 227 *et seq*.

### *Summary*

23. Defendant Santander's actions as described herein left Plaintiffs feeling helpless and victimized, as they are unable to stop the persistent and intrusive telephoning by Defendant Santander.

24. Defendant Santander's persistent autodialed calls eliminated Plaintiffs' right to privacy.

25. These persistent autodialed collection calls eliminated the peace and solitude that Plaintiffs would have otherwise had.

26. Defendant Santander's actions constituted unauthorized use of, and interference with the Plaintiffs' cellular phones, which the Plaintiffs paid money.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

## 47 U.S.C. § 227 et seq.

27. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

28. Within the one year period immediately preceding this action, Defendant Santander made numerous calls to Plaintiffs' cellular telephones using an automatic telephone dialing system and utilizing prerecorded messages and artificial voices in violation of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), and 47 C.F.R. 64.1200 (a)(1)(iii).

29. The acts and or omissions of Defendant Santander at all times material and relevant hereto, as described in this complaint, were done unfairly,

unlawfully, intentionally, deceptively and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

30. As a causally-direct and legally proximate result of the above violations of the TCPA and the C.F.R., Defendant Santander at all times material and relevant hereto, as described in this Complaint, caused Plaintiffs to sustain damages.

31. Defendant Santander did not have the prior express consent of Plaintiffs to use an automatic telephone dialing system to call their cellular telephones and utilize artificially synthesized voices and/or prerecorded messages.

32. Defendant Santander made such calls willfully, and in direct contradiction to the repeated demands of Plaintiffs that Defendant Santander cease calling their cellular telephone.

## TRIAL BY JURY

33. Plaintiffs are entitled to and hereby respectfully demand a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs prays that judgment be entered against Defendant Santander as follows:

## COUNT I.

# VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

## 47 U.S.C. § 227 et seq.

- for an award of statutory damages of $500.00 per call pursuant to 47 U.S.C. Section 227(b)(3)(B) against Defendant Santander and for Plaintiffs;

- for an award of treble damages of $1,500.00 per call pursuant to 47 U.S.C. Section 227(b)(3) against Defendant Santander and for Plaintiffs;

- for an injunction prohibiting Defendant Santander from contacting Plaintiffs on their cellular phones using an automated dialing system or utilizing prerecorded messages or artificial voices pursuant to the 47 U.S.C. Section 227(b)(3)(a).

- for such other and further relief as may be just and proper.

Respectfully submitted,

Dated: March 26, 2014       **Addleman Law Firm, LLC**

By: /s/**Andrew M. Esselman**
Andrew M. Esselman #64837
Thomas A. Addleman #51864
Addleman Law Firm, LLC
255 NW Blue Parkway, Suite 200
Lee's Summit, MO 64063
Tele: (816) 994-6200
Fax: (816) 396-6240
AndrewE@AddlemanLawFirm.com
Tom@addlemanlawfirm.com

**Attorneys for Plaintiff**

-8-